# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Scott E. Broughman,

                Plaintiff,

                                Case No. 18-13318

v.

                                Judith E. Levy

Commissioner of Social Security,    United States District Judge

                Defendant.    Mag. Judge R. Steven Whalen

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [17], ADOPTING REPORT AND RECCOMENDATION [16], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

    This is an appeal from the administrative denial of disability insurance benefits and supplemental security income. Before the Court is Magistrate Judge R. Steven Whalen's Amended Report and Recommendation (R&R) (ECF No. 16) recommending that the Court deny Plaintiff Scott E. Broughman's motion for summary judgment (ECF No. 12) and grant Defendant Commissioner of Social Security (the Government)'s motion for summary judgment (ECF No. 13). Plaintiff filed two objections to the R&R (ECF No. 17), and the Government

1

responded. (ECF No. 18.) For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in full.

I. Background

The Court has carefully reviewed the amended R&R (ECF No. 16) and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y*

*of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be adequately clear and specific so that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346. Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute merely the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review in Social Security cases. An administrative law judge (ALJ)'s factual findings are "conclusive" if supported by "substantial evidence." 42 U.S.C. § 405(g). In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains

'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

**III. Analysis**

Plaintiff raises two objections to the Magistrate Judge's R&R. First, Plaintiff argues that both the ALJ and Magistrate Judge erred in finding that Plaintiff's symptoms did not meet or equal a listed medical impairment during their Step Three analysis. Second, Plaintiff challenges the ALJ and Magistrate Judge's reliance on the opinion of a nontreating doctor and failure to consider the opinion of a treating doctor in determining Plaintiff's residual functional capacity during their Step Four and Step Five analysis. Considering these issues de novo, the court finds that the ALJ's findings in his Step Three, Step Four, and Step Five are all supported by substantial evidence. Plaintiff's objections are overruled.

### A. Objection 1: Listing 1.04C

Step Three of the Social Security Administration's sequential evaluation process requires the ALJ or reviewing court to determine if a claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in SSA regulations. 20 C.F.R. § 416.920(a)(4)(iii). A finding that such criteria are met will result in a finding that the claimant is disabled. *Id.*

The ALJ concluded that Plaintiff's impairments did not meet or medically equal any listed impairment. (ECF No. 9-2, PageID.53.) The Magistrate Judge concluded that Plaintiff's impairments specifically did not meet or medically equal the impairment in either Listing 1.04A or 1.04C. (ECF No. 16, PageID.607.) Plaintiff objects to the R&R on the grounds that Plaintiff's condition does meet or medically equal the impairment in Listing 1.04C.

Listing 1.04C defines as a disabling impairment degenerative disc disease when present with "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined

5

in 1.00B2b." Listing 1.00B2b(1) further defines "ineffective ambulation" as

> "an extreme limitation of the abilitiy to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities."

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). The regulations provide as one example of ineffective ambulation "the inability to walk a block at a reasonable pace on rough or uneven surfaces." *Id.* at § 1.00B2b(2).

Plaintiff was diagnosed in 2015 with degenerative disk disease as a result of a 1985 motor vehicle accident. (ECF No. 16, PageID.600.) Plaintiff claims that the R&R also finds that Plaintiff was diagnosed with spinal stenosis resulting in pseudoclaudication and that Plaintiff has nonradicular pain and weakness. (ECF No. 17, PageID.616.) As the Government notes, the R&R makes no such findings. (ECF No. 18, PageID.623.) Instead, the R&R limits its analysis to whether Plaintiff meets the ineffective ambulation requirement in Listing 1.04C. It concludes that "substantial evidence supports the conclusion that

Plaintiff did not experience ineffective ambulation." (ECF No. 16, PageId.608.) Because Plaintiff did not meet that requirement, the Magistrate Judge did not consider—and need not have considered—whether Plaintiff had a diagnosis of spinal stenosis resulting in pseudoclaudication or whether Plaintiff had nonradicular pain and weakness. Plaintiff points to no evidence of such a diagnosis, pain, or weakness; indeed, the ALJ rejected the applicability of Listing 1.04C on the grounds that "[t]here is no evidence of . . . lumbar spinal stenosis resulting in pseudoclaudication." (ECF No. 9-2, PageID.53.)

Even if Plaintiff had a diagnosis of spinal stenosis resulting in pseudoclaudication with accompanying nonradicular pain and weakness, substantial evidence supports the determination that Plaintiff did not satisfy the ineffective ambulation requirement in Listing 1.04C. According to Plaintiff, the record demonstrates ineffective ambulation because during an October 2015 medical examination, Plaintiff was found to have an "antalgic gait" and "extremity weakness." (ECF No. 9-7, PageID.284.) As Plaintiff explains, an antalgic gait is "a gait that develops as a way to avoid pain while walking." (ECF No. 17, PageID.616.) Listing 1.00B2b does not include an antalgic gait in its

7

general definition or specific examples of ineffective ambulation. The listing requires "an extreme limitation of the ability to walk. . . defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device. . . ." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). As the R&R properly notes, "none of the records show[] that Plaintiff required a one-handed assistive device, much less a walker requiring the use of both hands." (ECF No. 16, PageID.608.)

Plaintiff also argues that his own testimony demonstrates ineffective ambulation. He testified that he could "not walk very far . . . [M]aybe down the block, I guess." (ECF No. 9-2, PageID.85–86.) This testimony does not match the example provided in Listing 1.00B2b. which contemplates the presence of "rough or uneven surfaces." Additionally, the ALJ found Plaintiff's credibility to be lacking. (ECF No. 9-2, PageID.54.) As the Sixth Circuit has held, "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Thus, an ALJ's credibility

8

determination will not be disturbed "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ's adverse credibility determination forecloses a finding based on Plaintiff's testimony alone that Plaintiff satisfied the ineffective ambulation requirement.

Additionally, as the R&R explains, the medical record undercuts Plaintiff's testimony in this case. Treatment records from September 2011 show Plaintiff's "balance and gait intact." (ECF No. 9-8, PageID.330.) May 2016 records show that Plaintiff was "able to toe, heel and tandem walk without difficulties." (ECF No. 9-11, PageID.394.) And in April 2017, records show that even though Plaintiff had an antalgic gait, he was capable of "full weight bearing [with] no assistive device." (ECF No. 9-13, PageID.448.) Given the ALJ's credibility findings and the medical records, the Magistrate Judge properly determined that "substantial evidence supports a conclusion that Plaintiff did not experience ineffective ambulation." (ECF No. 16, PageID.608.)

Plaintiff's final argument with respect to Listing 1.04C is that "[w]hile not all of the 1.04 requirements have always existed at the same time . . . they have shown up over the years." Plaintiff cites to a Fourth

9

Circuit case for the proposition that not all of the elements of Listing 1.04A must coexist simultaneously, but instead must appear over a 12-month period. *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013). Plaintiff's only argument to support the application of another circuit's caselaw on a different regulatory provision to the present case is a single sentence fragment: "No reason that same reasoning should not apply to the 6th Circuit and to Listing 1.04C." (ECF No. 17, PageID.617.) The Court need not determine the merits of Plaintiff's incomplete argument. As explained above, the record does not support Plaintiff's contention that all of the requirements of Listing 1.04C have been present in any time period, let alone within a 12-month span.

Because substantial evidence supports the conclusion that Plaintiff's impairments did not meet or medically equal the requirements of Listing 1.04C, Plaintiffs first objection is overruled.

### A. Objection 2: RFC Determination

Step Four and Step Five of the Social Security Administration's sequential evaluation process requires the ALJ or reviewing court to determine if a plaintiff has the residual functional capacity (RFC) to

perform their past work or other work in the national economy. 20 CFR § 416.920(f)–(g).

The ALJ relied on the opinion of Dr. Henderson, a non-examining state agency medical consultant, to find that Plaintiff could perform "a limited range of light work," which includes lifting up to 20 pounds occasionally. (ECF No. 9-2, PageID.54.) Based in significant part on this finding, the ALJ further found that Plaintiff was unable to perform his past work, satisfying the Step Four analysis, but that Plaintiff could perform "jobs that exist in significant numbers in the national economy," failing the Step Five analysis. (ECF No. 9-2, PageID.55.) The Magistrate Judge found that Dr. Henderson's opinion provided substantial evidence in support of the ALJ's finding. (ECF No. 16, PageID.610–11.) Plaintiff objects to the R&R on the grounds that the RFC determination—and by extension, the hypothetical question posed to the vocational expert—is flawed because Dr. Henderson reviewed an incomplete record to make his conclusions and the ALJ failed to consider a treatment note by Dr. Lapinski, Plaintiff's treating doctor. (ECF No. 17, PageID.618.)

Dr. Henderson's opinion can serve as substantial evidence in this case. As the Sixth Circuit has explained, "[t]here is no categorical

11

requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011). And in *Watts v. Comm'r of Soc. Sec.*, the Sixth Circuit held that where no treating source made "detailed functional capacity analyses," a nontreating source may provide the "best evidence" of a plaintiff's RFC. 179 F. App'x 290, 294 (6th Cir. 2006). No treating physician made a "detailed functional capacity analysis." Most pertinently, the single treating doctor opinion to which Plaintiff cites in his objection appears in the form of short observations on a patient-visit report. (ECF No. 9-8, PageID.322.) Thus, Dr. Henderson's opinion may be the best evidence of Plaintiff's RFC and, as the Magistrate Judge properly concludes, is substantial evidence supporting the ALJ's findings.

Plaintiff also argues that the ALJ and Magistrate Judge erred in discounting the treatment note from Dr. Lapinski, Plaintiff's treating physician. Plaintiff points to a December 2012 Office Visit Record, in which Dr. Lapinski instructed Plaintiff to do "no heavy lifting" of "more than 10 lbs" and to "start back exercises after severe pain resolved." (ECF No. 9-8, PageID.322.) In support of his argument, Plaintiff cites to *Gentry*

12

*v. Comm'r of Soc. Sec.* 741 F.3d 708 (6th Cir. 2014). *Gentry* held that "an ALJ may only choose not to give a treating physician's opinion controlling weight if [they] give[] 'good reasons . . . for the weight given[.] . . ." *Id.* at 727 (citing 20 CFR § 404.1527(c)(2)) and SSR 96-2p, 1996 WL 374188, at *5 (1996)). The ALJ's opinion does not reference Dr. Lapinski's notes on Plaintiff's lifting limitations. (ECF No. 9-2, PageID.48–56.)

The ALJ was not required to have considered Dr. Lapinski's December 2012 treatment note in making his RFC determination because it is not a treating physician's opinion on Plaintiff's RFC during the relevant time period. Plaintiff only appeals the ALJ's adverse determination regarding his application for Supplemental Security income benefits. Plaintiff filed his application on August 28, 2015. (ECF No. 12, PageID.527.) Pursuant to 20 CFR § 416.501, a person is eligible for Supplemental Security Income benefits from the date of their application. In *Case v. Sec'y of Health & Human Servs.*, the Sixth Circuit explained that "[t]he proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after [their] application date." 987 F.2d 1230, 1233 (6th Cir. 1993.) In making his RFC determination, the ALJ properly considered numerous medical records and treating

13

doctor opinions from 2015 and 2016. (ECF No. 9-2, PageID.54.) By contrast, the December 2012 treatment note on which Plaintiff relies is from almost three years prior to the relevant adjudication period. As the R&R makes clear, the December 2012 note need not be factored into an RFC determination for Plaintiff in October 2015 because the evidence shows that the note's findings were of a temporary nature. (ECF No. 16, PageID.610–611.) The note itself contemplates a time when Plaintiffs "severe pain [will have] resolved." (ECF No. 9-8, PageID.322.) July 2013 treatment records by Dr. Lapinski do not reference any lifting restrictions or Plaintiff's back condition. (ECF No. 9-8, PageID.317–19.)

Because Dr. Henderson's opinion is substantial evidence supporting the ALJ's RFC finding and the ALJ did not err in failing to consider Dr. Lapinski's December 2012 report, Plaintiff's second objection is overruled.

### IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 17) are overruled. Accordingly, the Amended Report and Recommendation (ECF No. 16) is **ADOPTED**, the Government's motion for summary

judgment (ECF No. 13) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**.

IT IS SO ORDERED.

Dated: February 12, 2020       s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 12, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

                                    s/William Barkholz
                                    Case Manager